21 Cal.App.4th 677 (1993)
25 Cal. Rptr.2d 863
In re MONIQUE S., a Person Coming Under the Juvenile Court Law.
SAN DIEGO COUNTY DEPARTMENT OF SOCIAL SERVICES, Plaintiff and Respondent,
v.
DORINA S., Defendant and Appellant.
Docket No. D019242.
Court of Appeals of California, Fourth District, Division One.
December 29, 1993.
*678 COUNSEL
Greg M. Kane, under appointment by the Court of Appeal, for Defendant and Appellant.
Lloyd M. Harmon, Jr., County Counsel, Susan Strom, Chief Deputy County Counsel, and Terri L. Richardson, Deputy County Counsel, for Plaintiff and Respondent.
*679 Gary S. Plavnick, under appointment by the Court of Appeal, for Minor.
OPINION
KREMER, P.J.
Dorina S. appeals after the court terminated parental rights to her dependent daughter, Monique S., and referred Monique for adoptive placement under Welfare and Institutions Code[1] section 366.26. Dorina contends the court lacked jurisdiction to set the selection and implementation hearing (§ 366.26) at the six-month review hearing (§ 366.21), rather than after a twelve-month hearing. The department of social services (Department) responds the appeal should be dismissed because the referral order may be reviewed only by petition for a writ. Alternatively the Department argues the order was proper and supported by substantial evidence. Counsel for the minor on appeal agrees with Dorina that the court lacked jurisdiction to set the section 366.26 hearing after six months, but concurs with the Department that the order is not now reviewable and asks the termination of parental rights be affirmed.
In light of our Supreme Court's recent decision in In re Matthew C. (1993) 6 Cal.4th 386 [24 Cal. Rptr.2d 765, 862 P.2d 765], Dorina's challenge to the order setting the section 366.26 hearing is reviewable on appeal from the final order terminating her parental rights. We conclude the court was authorized to set the section 366.26 hearing after only six months of reunification, based on Dorina's failure to contact and visit her child. Accordingly, we affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND
Dorina brought newborn Monique to Palomar Medical Center after giving birth at home on August 3, 1992. At the time Dorina was 18 years old and had a 16-month-old daughter, Jessica.[2] She was unemployed and received aid to families with dependent children funds. Although she lived with her boyfriend[3] and his mother, Dorina hid her pregnancy and received no prenatal care. Monique tested positive for amphetamines and needed intensive care for respiratory distress. Dorina admitted she used drugs during the pregnancy. She told social workers she wanted to relinquish Monique for adoption.
*680 Department filed a dependency petition on August 6, 1992, alleging Monique was at risk due to Dorina's drug use (§ 300, subd. (b)), and Monique was without any provision for support because Dorina did not want her. (§ 300, subd. (g).)[4] At the detention hearing the following day, the court detained Monique in a foster home and authorized liberal visitation for Dorina. The court also ordered Dorina be provided with counseling and drug testing.
Social workers interviewed Dorina on August 14. Dorina denied having a drug problem and refused services. She wanted Monique to be adopted.
Dorina attended a readiness hearing on August 18 and entered a denial on the petition. At that time she told the court she wished to relinquish Monique.
The court declared Monique a dependent on September 1 under section 300, subdivision (b), due to Dorina's drug use. The section 300, subdivision (g), allegation was dismissed. Dorina did not attend the hearing. The court ordered the Department to provide reunification services to Dorina if she requested them. Monique continued to be placed in a foster home.
Several days later Dorina told her social worker she changed her mind and did not want to relinquish the baby. However, Dorina made no effort to visit Monique. Social workers spoke frequently with Dorina over the next several months. Dorina canceled three out of five home visits. The other two visits were canceled by the social worker.[5] On February 3, 1993, Dorina said she wanted to discuss with her boyfriend whether she would participate in reunification. At that time Dorina was ambivalent and did not want to relinquish Monique or commit to reunification. On February 24, Dorina told *681 her social worker she would "like to see the baby, but had not changed her mind about relinquishing [Monique.]"
Dorina did not attend the six-month review hearing on February 26. The court found there was not a substantial probability Monique could be returned to Dorina's custody and Dorina had been offered reasonable services. The court also found Dorina had failed to contact and visit Monique for the last six months and set a hearing under section 366.26 to select a permanent plan for Monique.
Dorina did not attend the selection and implementation hearing on June 24. The court found Monique was adoptable and no circumstances existed to make termination of Dorina's parental rights a detriment to Monique. The court then terminated Dorina's parental rights. This appeal followed.

DISCUSSION
Section 366.26, subdivision (k), provides "An order by the court directing that a hearing pursuant to this section be held is not an appealable order, but may be the subject of review by extraordinary writ." (1) Our Supreme Court recently interpreted this language to mean the order setting a section 366.26 hearing is not an immediately appealable order, but is subject to review on appeal from a subsequent final judgment. (In re Matthew C., supra, 6 Cal.4th 386.) In other words, a parent aggrieved by a referral order, and the findings underlying that order, may seek review by petition for a writ at the time of the order and also may seek review by way of appeal after the section 366.26 hearing.
Dorina did not seek writ review of the referral order. (2) She now argues the court deprived her of due process because she was entitled to "a fair twelve-month hearing" and a constitutional challenge may by raised at any time in the proceedings. Parenthetically she claims she was entitled to a minimum of 12 months of services.
The court relied on section 366.21, subdivision (e), to set a selection and implementation hearing six months after Monique was declared a dependent, based on Dorina's failure to contact and visit her child. That section prescribes the subject matter and findings of a six-month review hearing and provides in part: "If the minor was removed initially under subdivision (g) of Section 300 and the court finds by clear and convincing evidence that the whereabouts of the parent are still unknown, or the parent has failed to contact and visit the child, the court may schedule a hearing pursuant to Section 366.26 within 120 days. If the court finds by clear and convincing *682 evidence that the parent has been convicted of a felony indicating parental unfitness, the court may schedule a hearing pursuant to Section 366.26 within 120 days." Dorina interprets the section to read the court may set a section 366.26 hearing after six months of no parental contact only for those children initially removed under subdivision (g) (the parent's whereabouts are unknown). She points out Monique was removed under section 300, subdivision (b) (neglect).
We interpret the Legislature's placement of the comma after the word "unknown" to create an additional ground for setting the section 366.26 hearing, where "the parent has failed to contact and visit the child," regardless of the initial grounds for removal.[6] Our interpretation is supported by California Rules of Court,[7] rule 1460(f)(2)(A), which states the court may set the section 366.26 hearing at the six-month review if "(i) The child was removed under section 300(g) and the court finds by clear and convincing evidence that the parent's whereabouts are still unknown; or [¶] (ii) The court finds by clear and convincing evidence that the parent has not had contact with the child for six months; or [¶] (iii) The court finds by clear and convincing evidence that the parent has been convicted of a felony indicating parental unfitness."
Rules relating to the juvenile court are "designed to implement the purposes of the juvenile court law by promoting uniformity in practice and procedure and by providing guidance to judges, referees, attorneys ... and others participating in the juvenile court." (Rule 1400(b).) "Insofar as these rules are substantially the same as existing statutory provisions relating to the same subject matter, these rules shall be construed as restatements of those statutes.... [¶] Insofar as these rules may add to existing statutory provisions relating to the same subject matter, these rules shall be construed so as to implement the purposes of the juvenile court law." (Rule 1400(c)(1)&(2).) We conclude rule 1460(f)(2)(A) restates section 366.21, subdivision (e), providing three discrete grounds for setting a selection and implementation hearing after six months.
Moreover, our interpretation allowing the selection and implementation hearing to be set after six months of a parent's failure to contact and visit a child is consistent with the intent of the dependency scheme to provide stability for abused, neglected and exploited minors. There is no purpose served in continuing to offer services where a parent, absent extenuating circumstances, makes no effort to reach out to his or her child for six months *683 in the dependency process. On this record we cannot see how Dorina was harmed by any purported curtailing of services offered. Dorina refused all services, never asked to see Monique and failed to attend all but one hearing. She made absolutely no effort to reunify with her child and at best expressed an ambivalence toward her. At the time of the section 366.26 hearing, Monique had lived in foster care for 10 months, was happy, healthy and developing normally. Under these circumstances the court properly terminated Dorina's parental rights and referred Monique for adoption.

DISPOSITION
Judgment affirmed.
Todd, J., and Froehlich, J., concurred.
NOTES
[1] All statutory references are to the Welfare and Institutions Code unless otherwise specified.
[2] Jessica is not a dependent of the juvenile court.
[3] Dorina's boyfriend is not Monique's father. The alleged natural father, Moustapha A., wanted Monique to be adopted.
[4] Section 300 provides in relevant part:

"Any minor who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court:
".... .... .... .... .... .... ....
"(b) The minor has suffered, or there is a substantial risk that the minor will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the minor, ... or by the inability of the parent or guardian to provide regular care for the minor due to the parent's or guardian's mental illness, developmental disability, or substance abuse....
".... .... .... .... .... .... ....
"(g) The minor has been left without any provision for support; the minor's parent has been incarcerated or institutionalized and cannot arrange for the care of the minor; or a relative or other adult custodian with whom the child resides or has been left is unwilling or unable to provide care or support for the child, the whereabouts of the parent is unknown, and reasonable efforts to locate the parent have been unsuccessful."
[5] The social worker canceled one visit due to emergency. The reason for the other cancellation is not in the record.
[6] We are in accord with Justice Moore's dissent in In re Joshua G. (Cal. App.) (G011938), ordered depublished July 1, 1993.
[7] All rule references are to the California Rules of Court.