[No. G041674. Fourth Dist., Div. Three. May 15, 2009.]

S.W., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
ORANGE COUNTY SOCIAL SERVICES AGENCY et al., Real Parties in
Interest.

**COUNSEL**

Deborah A. Kwast, Public Defender, Frank Ospino, Assistant Public Defender, Stacy Roark and Paul DeQuattro, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Nicholas S. Chrisos, County Counsel, and Karen L. Christensen, Deputy County Counsel, for Real Parties in Interest.

Law Office of Harold LaFlamme and Yana Kennedy for Minor.

---

**OPINION**

**IKOLA, J.**—Petitioner S.W. (father) seeks writ review of an order terminating reunification services and setting a hearing to select and implement an alternative permanent plan for his daughter, S.W. The court impliedly found father failed to "contact and visit" S.W. during the six-month review period. (Welf. & Inst. Code, § 366.21, subd. (e).)[1] Father's undisputed failure to visit S.W. supports the court's order, notwithstanding his single telephone contact with her. We deny the petition.

## FACTS

The Orange County Social Services Agency (SSA) filed a juvenile dependency petition asserting father failed to protect and support S.W., who was 10 years old. (§ 300, subds. (b), (g).) SSA alleged father was homeless and had left S.W. in the care of relatives and caregivers for more than two months without providing for her support. S.W. needed long-term medical care and physical therapy due to a serious head injury she suffered at age six. Father failed to provide such care and did not "maintain a relationship and contact with the child." After a detention hearing, the court vested temporary placement of S.W. with SSA.

Father appeared at the June 2008 pretrial hearing, despite SSA's inability to locate him at any of six addresses. His appointed counsel told the court father had "been staying from hotel to hotel" and had no permanent mailing address. The court ordered father to report any change in his address or telephone number.

S.W.'s caregiver and foster mother told social workers that father later called her from White Plains, New York. Father told the foster mother he went there with his girlfriend and "was basically stranded in New York, as he had no identification and could not fly back to California." He found work but "could not get his paycheck due to not having identification." He had no "residence to bring the child home to."

---

[1] All further statutory references are to the Welfare and Institutions Code.

Father failed to appear at the August 2008 contested disposition hearing. The court sustained an amended jurisdictional petition, declared S.W. a dependent child of the court, vested custody with SSA, offered reunification services to father, and set a six-month review hearing.

At the six-month review hearing in February 2009, the court terminated reunification services and set a hearing under section 366.26 to select and implement an alternative permanent plan for S.W. (.26 hearing). It found returning S.W. to father's care would create a substantial risk of detriment to her well-being. It noted father had not visited S.W. in the preceding six months. The record showed father did speak once to S.W. on the telephone in November 2008 and once left a voice mail message for her. S.W. called father repeatedly and left a message for him, but he never called back. Meanwhile, S.W. flourished in foster care and had weekly telephone contact with her half sibling's family in Florida, with whom S.W. used to spend her summers and who were eager to adopt her.

## DISCUSSION

Father contends the court erred when it terminated reunification services and set a .26 hearing. He contends insufficient evidence supports the implied finding he failed to "contact and visit" S.W. (§ 366.21, subd. (e)), noting he had one telephone contact with her in November 2008. He asserts contact alone, without visitation, requires the court to continue services and set a further review hearing.

"Section 366.21, subdivision (e), governs [the] initial six-month review hearing." (*Sara M. v. Superior Court* (2005) 36 Cal.4th 998, 1009 [32 Cal.Rptr.3d 89, 116 P.3d 550] (*Sara M.*).) At this hearing, the court must continue to offer reunification services pending a further review hearing unless it finds by clear and convincing evidence that an exception applies. (*Id.* at pp. 1008–1009; § 366.21, subd. (e).)

One exception is a parent's failure to "contact and visit the child" during the six-month review period. "If the child was removed initially under subdivision (g) of Section 300 and the court finds by clear and convincing evidence that the whereabouts of the parent are still unknown, *or the parent has failed to contact and visit the child,* the court may schedule a hearing pursuant to Section 366.26 within 120 days." (§ 366.21, subd. (e), italics added.) Properly parsed, the statute makes the parent's failure "to contact and visit the child" an independent basis for terminating reunification services and

setting a .26 hearing, regardless of why the child was initially removed or whether the parent's whereabouts are known. (*Sara M., supra*, 36 Cal.4th at pp. 1016–1017; *In re Monique S.* (1993) 21 Cal.App.4th 677, 682–683 [25 Cal.Rptr.2d 863].)

■ Under a plain reading, this exception sets forth two requirements. The parent must both *contact* and *visit* the child to receive additional reunification services and a further review hearing. Rephrased in logically equivalent terms, the failure *either* to contact or visit the child allows the court to terminate services. The plain reading is bolstered by policy considerations. "A principal objective of the juvenile court is to provide 'an expedited proceeding to resolve the child's status without further delay.' [Citation.] That objective is hardly advanced by ordering services for an absentee parent." (*In re Derrick S.* (2007) 156 Cal.App.4th 436, 449 [67 Cal.Rptr.3d 367] (*Derrick S.*).) "It makes sense for the Legislature to permit the court to set the permanency planning hearing if the parent has not contacted or visited the child for six months. 'Childhood does not wait for the parent to become adequate.' " (*Sara M., supra*, 36 Cal.4th at p. 1016.)

■ The court did not err by terminating reunification services and setting a .26 hearing because father did not "contact and visit" S.W. during the six-month review period. Father concedes he did not visit S.W. His contention that his telephone contact with S.W. warrants additional services and a further review hearing fails under the plain reading of section 366.21, subdivision (e).

■ Father mistakenly relies upon California Rules of Court, rule 5.710.[2] This rule interprets and implements the six-month review hearing procedures of section 366.21, subdivision (e). (*Sara M., supra*, 36 Cal.4th at pp. 1010, 1013 [discussing former rule 1460]; *Derrick S., supra*, 156 Cal.App.4th at pp. 449–450 & fn. 6 [discussing current and former rules].) It provides the court may set a permanency planning hearing at the six-month review hearing if "[t]he court finds by clear and convincing evidence that the parent has not had *contact* with the child for 6 months." (Rule 5.710(f)(1)(B), italics added.) Father asserts the rule is "consistent with the statute." The rule is consistent with section 366.21, subdivision (e), insofar as it makes lack of contact or visitation an independent basis for terminating services, without yoking it to the initial ground for removing the child or knowledge of the parent's whereabouts. (*Sara M.*, at pp. 1016–1017.)

---

[2] All further rule references are to the California Rules of Court.

But rule 5.710 is inconsistent with the statute insofar as it deletes the visitation requirement. "[T]he rule cannot be divorced from the statutes it is designed to effectuate." (*Derrick S., supra,* 156 Cal.App.4th at p. 449 [construing rule 5.710(f)(1) to comport with § 366.21, subd. (e)].) It is entitled to "deference, not abdication" and is "not binding on the courts and invalid if contrary to statute." (*Sara M., supra,* 36 Cal.4th at p. 1014; accord, *M.V. v. Superior Court* (2008) 167 Cal.App.4th 166, 181, fn. 8 [83 Cal.Rptr.3d 864] [disapproving different subdivision of rule 5.710 that conflicted with statute]; cf. *Tonya M. v. Superior Court* (2007) 42 Cal.4th 836, 847–848 [69 Cal.Rptr.3d 96, 172 P.3d 402] [deferring to different subdivision of rule 5.710 as "not clearly erroneous" and in "accord[] with the other indicia of legislative intent"].) To maintain consistency with section 366.21, subdivision (e), the term "contact" in rule 5.710(f)(1)(B) should be construed as a shorthand reference to the statute's dual "contact and visit" requirement.

██ Moreover, the court did not err even if contact alone warranted additional services. One telephone conversation in six months is not substantial contact. Contact that is "casual or chance" or "nominal" "does not preclude the application of section 366.21, subdivision (e)." (*In re Tameka M.* (1995) 33 Cal.App.4th 1747, 1754 [40 Cal.Rptr.2d 64]; cf. *Derrick S., supra,* 156 Cal.App.4th at p. 447 [observing in another context it would be a " 'waste' of scarce resources . . . to order services for a parent . . . in only sporadic contact by telephone" with the child].) The California Supreme Court required some level of substantiality in *Sara M.,* where it affirmed an order finding the mother did not contact or visit the children during the six-month review period, even though mother did in fact have one short visitation. (*Sara M., supra,* 36 Cal.4th at pp. 1017–1018.)

Reunification services may be continued when "extenuating circumstances" excuse a parent's failure to contact and visit the child. (*Sara M., supra,* 36 Cal.4th at p. 1017.) Extenuating circumstances did not prevent father from visiting S.W. Father himself prevented visitation by running off to New York during the six-month review period without a means of returning to California for visitation. His poor decision to absent himself from the state does not excuse his even poorer decision to absent himself from S.W.'s life.

In sum, the undisputed evidence father did not visit S.W. during the six-month review period sufficiently supports the court's finding that father did not "contact and visit" S.W. (§ 366.21, subd. (e).) The court did not err by terminating reunification services and setting a .26 hearing.

## DISPOSITION

The petition is denied. In the interests of justice, this decision is final as to this court 10 days after it is filed. (Rule 8.490(b)(3).)

Rylaarsdam, Acting P. J., and Moore, J., concurred.